LEORA L. DOUGLAS, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 14009-84.          Filed April 21, 1986.

*Jerome Borison*, for the petitioner.
*Barbara E. Horan*, for the respondent.

OPINION

FEATHERSTON, *Judge*: Respondent determined deficiencies in the amounts of $5,781.69 and $873 in petitioner's Federal income taxes for 1979 and 1980, respectively, and an addition to tax under section 6653(a), I.R.C. 1954,[1] in the amount of $289.08 for 1979. After concessions, including the addition to tax, the issue for decision is whether petitioner is relieved from liability under section 6013(e) with respect to the income tax resulting from the disallowance of claimed deductions for alimony and employee business expenses.

All the facts are stipulated.

Petitioner Leora L. Douglas resided in Colorado at the time the petition was filed. She filed joint Federal income tax returns for 1979 and 1980 with her husband, Richard H. Douglas, who has since died.

During 1979, Mr. Douglas participated in Wind-O-Therm, a business which manufactured and sold windows. He received income from Wind-O-Therm in the amount of $15,128.96 which was not reported on the 1979 income tax return. The parties have agreed that under section 6013(e) petitioner is relieved of liability for the portion of the tax attributable to that omitted gross income.

Mr. Douglas was also employed as a window salesman by Norandex, Inc., during 1979 and 1980 and by E.R. Young Co., Inc., Norray, Inc., and Truscon, Co. in 1980. He deducted $1,910.15 and $7,660.20 for 1979 and 1980, respectively, as employee business expenses for transportation. Mr. Douglas and petitioner were able to substantiate

---

[1] All section references are to the Internal Revenue Code of 1954 as amended, unless otherwise noted.

$5,761.20 of the transportation expenses for 1980 but could substantiate none of the 1979 expenses.

Also in dispute is an item of $600 deducted by Mr. Douglas for alimony paid on each of the 1979 and 1980 returns. Mr. Douglas was divorced from Margene LaRae Douglas on August 8, 1977. Pursuant to the referee's recommendations attached to the divorce decree and dated May 31, 1977, Mr. Douglas was ordered to pay $600 per month temporary support and $200 per month temporary maintenance commencing on June 5, 1977, and $450 in attorney's fees payable $50 per month until paid, commencing June 20, 1977.

Petitioner and Mr. Douglas kept separate records, and petitioner offered no evidence with which to substantiate the deductions for employee business expenses and alimony paid remaining in dispute.

Petitioner contends that, under section 6013(e), she should be relieved of liability for any income tax attributable to the unsubstantiated amounts of employee business expense and alimony deductions claimed by her husband on their 1979 and 1980 tax returns. Section 6013(e) (the "innocent spouse" provision), as amended by the Tax Reform Act of 1984, Pub. L. 98-369, sec. 424(a), 98 Stat. 801 (1984-3 C.B. (Vol. 1) 309),[2] provides that a spouse is relieved of liability

---

[2] SEC. 6013(e), as amended by the Tax Reform Act of 1984, provided as follows:

SEC. 6013(e). SPOUSE RELIEVED OF LIABILITY IN CERTAIN CASES.
  (1) IN GENERAL.—Under regulations prescribed by the Secretary, if—
    (A) a joint return has been made under this section for a taxable year,
    (B) on such return there is a substantial understatement of tax attributable to grossly erroneous items of one spouse,
    (C) the other spouse establishes that in signing the return he or she did not know, and had no reason to know, that there was such substantial understatement, and
    (D) taking into account all the facts and circumstances, it is inequitable to hold the other spouse liable for the deficiency in tax for such taxable year attributable to such substantial understatement,
then the other spouse shall be relieved of liability for tax (including interest, penalties, and other amounts) for such taxable year to the extent such liability is attributable to such substantial understatement.
  (2) GROSSLY ERRONEOUS ITEMS.—For purposes of this subsection, the term "grossly erroneous items" means, with respect to any spouse—
    (A) any item of gross income attributable to such spouse which is omitted from gross income, and
    (B) any claim of a deduction, credit, or basis by such spouse in an amount for which there is no basis in fact or law.
  (3) SUBSTANTIAL UNDERSTATEMENT.—For purposes of this subsection, the term "substantial understatement" means any understatement (as defined in section 6661(b)(2)(A)) which exceeds $500.
  (4) UNDERSTATEMENT MUST EXCEED SPECIFIED PERCENTAGE OF SPOUSE'S INCOME.—
    (A) ADJUSTED GROSS INCOME OF $20,000 OR LESS.—If the spouse's adjusted gross income

where, on a joint return, there is a "substantial understatement of tax" attributable to "grossly erroneous items" of one spouse, if the other spouse establishes that in signing the return she did not know, and had no reason to know, that there was such substantial understatement, and taking into account all the facts and circumstances, it is inequitable to hold the other spouse liable for the deficiency in tax attributable to such substantial understatement.

For the purpose of section 6013(e), grossly erroneous items are defined as "any item of gross income attributable to such spouse which is omitted from gross income" and "any claim of a deduction, credit, or basis by such spouse in an amount for which there is no basis in fact or law." Sec. 6013(e)(2). Substantial understatement of tax "means any understatement * * * which exceeds $500." Sec. 6013(e)(3).

With respect to the claimed employee business expense and alimony deductions, respondent contends that two of the statute's requirements have not been fulfilled, namely that: (1) Petitioner has not established that the understatement of tax, although substantial, was attributable to grossly erroneous items of Mr. Douglas, and (2) the understatement of tax is not greater than 10 percent of petitioner's adjusted gross income for the preadjustment year as required by section 6013(e)(4).[3]

Prior to the 1984 amendment,[4] section 6013(e) provided

---

for the preadjustment year is $20,000 or less, this subsection shall apply only if the liability described in paragraph (1) is greater than 10 percent of such adjusted gross income.

> \*    \*    \*    \*    \*    \*    \*

(C) PREADJUSTMENT YEAR.—For purposes of this paragraph, the term "preadjustment year" means the most recent taxable year of the spouse ending before the date the deficiency notice is mailed.

> \*    \*    \*    \*    \*    \*    \*

(E) EXCEPTION FOR OMISSIONS FROM GROSS INCOME.—This paragraph shall not apply to any liability attributable to the omission of an item from gross income.

[3]Respondent apparently concedes that for purposes of both the omitted income and the claimed deductions, petitioner meets the following requirements of sec. 6013(e)(1): (1) That a joint return was filed; (2) that the understatement of tax was substantial within the meaning of sec. 6013(e)(3); (3) that petitioner did not know and had no reason to know of the understatement; and (4) that it would be inequitable under the circumstances to hold petitioner liable for the understated tax. We see no inconsistency in respondent's argument that petitioner is an innocent spouse for purposes of omitted Wind-O-Therm income and not an innocent spouse for purposes of claimed deductions, particularly in light of the fact that his reasons for challenging the deductions have no bearing on petitioner's status as an innocent spouse with respect to the omitted income. See *Purcell v. Commissioner*, 86 T.C. 228 (1986).

[4]Tax Reform Act of 1984, Pub. L. 98-369, sec. 424(a), 98 Stat. 801 (1984-3 C.B. (Vol. 1) 309), effective for all tax years to which the Internal Revenue Code of 1954 applies.

no relief where the understatement of tax was attributable to claimed deductions. The reason given by the House Committee for broadening the scope of the statute is as follows:

> The committee believes that the present law rules relieving innocent spouses from liability for tax on a joint return are not sufficiently broad to encompass many cases where the innocent spouse deserves relief. Relief may be desirable, for example, where one spouse claims *phony business deductions* in order to avoid paying tax and the other spouse has no reason to know that the deductions are phony and may be unaware that there are untaxed profits from the business which the other spouse has squandered. [Supplemental Report of Comm. on Ways and Means, H. Rept. 98-432 (Part 2), on H.R. 4170 (Tax Reform Act of 1984), at 1502 (1984). Emphasis added.]

The report further states at page 1502:

> Under the bill, the innocent spouse (sec. 6013(e)) rule will apply to cases in which the tax liability results from a substantial understatement of tax that is attributable to grossly erroneous items (including claims for deductions or credits, as well as omitted income) of the other spouse. Grossly erroneous items include any item of income that is omitted from gross income, regardless of the basis for omission. A claim for deduction or credit will be treated as a grossly erroneous item only if the claim had no basis in law or fact. The bill defines a substantial understatement as any understatement of tax that exceeds $500. As under present law, relief may be granted only where it would be inequitable to hold the innocent spouse liable.

The legislative history, and indeed, the statute itself, specifically provide that any understatement of tax attributable to omitted income is considered grossly erroneous. Understatements of tax attributable to deductions, on the other hand, are grossly erroneous items only if the claims of deduction have no basis in fact or law.

The statute does not define "no basis in fact or law." A clue to its meaning, however, is found in the reference in the above-quoted committee report to "phony business deductions." As we read the statute as a whole and its legislative history, a deduction has no basis in fact when the expense for which the deduction is claimed was never, in fact, made. A deduction has no basis in law when the expense, even if made, does not qualify as a deductible expense under well-settled legal principles or when no substantial legal argument can be made to support its

deductibility. Ordinarily, a deduction having no basis in fact or in law can be described as frivolous, fraudulent, or, to use the word of the committee report, phony.[5]

Under this legal standard, petitioner has not proved that her husband's employee business expense and alimony deductions had no basis in fact or law. Rule 142(a), Tax Court Rules of Practice and Procedure. She has demonstrated only that upon searching Mr. Douglas' records she could substantiate some, but not all, of his employee business expenses and could not substantiate any of the claimed alimony payments. Thus, the record is clear that he was entitled to some employee expense deductions. As to the alimony, the parties have stipulated that Mr. Douglas' decree of divorce obligated him to make certain maintenance payments to his former wife. Because petitioner was unable to substantiate her husband's claimed deductions does not mean the deductions had no basis in fact or law.

Petitioner argues that "Regardless of what Respondent may choose to label * * * [Mr. Douglas'] disallowed deductions, the mere fact that they have been disallowed, after Petitioner diligently sought to prove their deductibility, establishes that such deductions have no basis in fact or law." Petitioner is no doubt correct that respondent will disallow a deduction if it has no basis in fact or law and in such circumstances the courts will sustain the disallowance. However, it simply does not follow that because deductions lacking in a factual or legal basis will be disallowed, all deductions which are disallowed lack a factual or legal basis. Petitioner may not rely on the disallowance or her inability to substantiate the deductions alone to prove a lack of basis in fact or law.[6]

Accordingly, we find that petitioner has failed to prove that the employee business expense and alimony deductions attributable to her husband are grossly erroneous items within the meaning of section 6013(e)(2)(B). *Purcell v. Commissioner*, 86 T.C. 228 (1986).[7] Petitioner is therefore not relieved of liability with respect to the claimed deductions.[8]

---

[5] *Shenker v. Commissioner*, T.C. Memo. 1985-301.

[6] *Neary v. Commissioner*, T.C. Memo. 1985-261.

[7] *Shenker v. Commissioner, supra; Neary v. Commissioner, supra.*

[8] In view of our conclusion in this case, we need not pass on respondent's second argument.

To reflect the foregoing,

*Decision will be entered under Rule 155.*