SHERRIE S. CALHOUN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Calhoun v. Commissioner
Docket No. 29567-89
United States Tax Court
T.C. Memo 1992-189; 1992 Tax Ct. Memo LEXIS 210; 63 T.C.M. (CCH) 2598; March 30, 1992, Filed *210 Decision will be entered for respondent Marquis E. Whittington and Geoffrey R. Pauling, for petitioner. Steven B. Bass, for respondent. SCOTT SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined a deficiency in petitioner's Federal income tax for the calendar year 1987 in the amount of $ 5,752 and additions to tax under sections 6651(a)(1), [1] 6653(a)(1)(A), and 6661 in the respective amounts of $ 7,056, $ 1,509 and $ 1,438. Respondent also determined an addition to tax for 1987 under section 6653(a)(1)(B) equal to 50 percent of the interest that is computed on the portion of the underpayment which is attributable to negligence or intentional disregard of rules and regulations. The issue for decision is whether petitioner qualifies for relief from liability for the deficiency *211 and additions to tax as an innocent spouse for 1987 under the provisions of section 6013(e). FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioner, Sherrie S. Calhoun, resided in San Antonio, Texas, at the time of the filing of her petition in this case. On June 27, 1987, petitioner married Mr. John C. Calhoun, a certified public accountant, and was still married to him at the time of the trial of this case. Petitioner and Mr. Calhoun filed a joint Federal income tax return for the taxable year 1987 on October 18, 1988. Petitioner attended San Antonio College for 2 years but did not earn a degree. She has no formal training in business or accounting. Beginning about 1976 and continuing until the time she became employed as office manager of John C. Calhoun & Co., she sold amusement business insurance. John C. Calhoun & Co. is an accounting practice operated by petitioner's husband. At the time of her marriage to Mr. Calhoun she had been working for his company for about 2 years. Petitioner's duties at John C. Calhoun & Co. involved answering the telephone, running errands, and making collection calls. Her work at John C. Calhoun *212 & Co. did not include accounting assistance to clients or filling out income tax returns. Petitioner was employed full time by John C. Calhoun & Co. and paid a regular salary for her work until her marriage to Mr. Calhoun. After her marriage to Mr. Calhoun she reduced the amount of time that she worked for the accounting practice and did not draw a regular salary. During the time in 1987 that petitioner was employed on a regular salary by John C. Calhoun & Co., Federal income taxes were withheld from her salary. Petitioner became pregnant in the beginning of 1988. She had some tests done around the 10th or 11th of April and had a miscarriage at the end of April. Mr. Calhoun purchased an undivided 50-percent interest in a Cessna airplane (airplane) in June 1985 and during 1985 used the airplane in his accounting practice to travel to see clients. Petitioner knew that her husband owned the airplane jointly with another individual and that her husband used the airplane in his trade or business during 1985. She also knew that sometime in 1986 the co-owner of the airplane took it away from San Antonio and, during a part of that year and all of 1987 and into 1988, Mr. Calhoun did *213 not know the location of the airplane. In early 1989 the airplane was located. Mr. Calhoun was in a bankruptcy proceeding at the time the airplane was located and title to the airplane was transferred to the trustee in bankruptcy. Petitioner on her 1987 joint Federal income tax return with Mr. Calhoun claimed a $ 16,380 depreciation deduction for the airplane. Respondent disallowed the deduction on the basis that it had not been established that the depreciation expense was an ordinary and necessary business expense and the business use of the airplane had not been substantiated. Deductions claimed in 1987 on the return for interest expense for the loan obtained to purchase the airplane and for insurance on the airplane were not disallowed by respondent. A Form 4868, Application for Automatic Extension of Time to File U.S. Individual Income Tax Return, signed by Mr. Andrew J. Greene, a Certified Public Accountant, was filed on April 15, 1988, on behalf of petitioner and Mr. Calhoun. On the Form 4868 the total income tax liability of Mr. Calhoun and petitioner is shown as "0", and the income tax balance due is shown as "0". The line for "Federal income tax withheld" is left *214 blank on the Form 4868. Petitioner could not recall authorizing anyone to file a Form 4868 seeking an extension of time to file the 1987 return on her behalf. The total tax liability shown on the 1987 joint Federal income tax return for Mr. Calhoun and petitioner was $ 24,432.85, and the unpaid tax was shown as $ 22,474.23. Petitioner did not look over the joint 1987 Federal income tax return before she signed it. Petitioner claims relief from 1987 tax and additions to tax as an innocent spouse. OPINION When a husband and wife file a joint income tax return for a year, "the tax shall be computed on the aggregate income and the liability with respect to the tax shall be joint and several." Sec. 6013(d)(3). Under section 6013(e), [2] if certain requirements are met for a year, a spouse may be relieved of all or a portion of the joint liability for that year. *215 In order to qualify for innocent spouse status for 1987, petitioner must show that: (1) She filed a joint income tax return with her husband for that year; (2) on the joint tax return there is a substantial understatement of tax; (3) the substantial understatement of tax is attributable to a grossly erroneous item; (4) the grossly erroneous item is an item of her husband; (5) in signing the joint tax return, petitioner did not know, and had no reason to know, of the substantial understatement; and (6) it is inequitable to hold petitioner liable for the deficiency attributable to the substantial understatement. A claim of deduction, credit, or basis of the other spouse is grossly erroneous only if there is no basis in fact or law for the claimed item. Sec. 6013(e)(2)(B). Petitioner's failure to prove any one of the controverted statutory requirements will prevent her from qualifying for innocent spouse relief. Rule 142(a); Stevens v. Commissioner, 872 F.2d 1499, 1504 (11th Cir. 1989), affg. T.C. Memo. 1988-63; Purcell v. Commissioner, 826 F.2d 470, 473 (6th Cir. 1987), affg. 86 T.C. 228 (1986); Bokum v. Commissioner, 94 T.C. 126, 138-139 (1990). *216 The parties do not dispute that the first element has been satisfied in this case in that a joint income tax return for 1987 was filed by petitioner and her husband. In general, an understatement is defined as the excess of the amount of tax required to be shown on the return for the taxable year over the amount of tax imposed which is shown on the return, reduced by any rebate within the meaning of section 6211(b)(2). Secs. 6661(b)(2)(A), 6013(e)(3). The understatement is substantial if it exceeds $ 500. Sec. 6013(e)(3). The understatement of tax in this case is $ 5,752 and under section 6013(e)(3) is substantial. A deduction is not considered grossly erroneous merely because the taxpayer agrees to or does not contest the adjustment determined by respondent. Purcell v. Commissioner, 86 T.C. at 240. Nor is it considered grossly erroneous simply because it was disallowed. Douglas v. Commissioner, 86 T.C. 758, 763 (1986). There is no statutory definition of the phrase "no basis in fact or law." However, we have previously stated that: a deduction has no basis in fact when the expense for which the deduction is claimed was never, *217 in fact, made. A deduction has no basis in law when the expense, even if made, does not qualify as a deductible expense under well-settled legal principles or when no substantial legal argument can be made to support its deductibility. Ordinarily, a deduction having no basis in fact or in law can be described as frivolous, fraudulent, or, to use the word of the [Ways and Means] committee report [on the Tax Reform Act of 1984], phony.
Douglas v. Commissioner, supra at 762-763. See also Bokum v. Commissioner, supra at 142. Petitioner has not established that the deduction was grossly erroneous. The record shows that Mr. Calhoun in fact purchased a 50-percent interest in the airplane and did, soon after its purchase, use it for transportation to visit various clients. The record shows that Mr. Calhoun did not know where the airplane was in 1987 and did not use the airplane for transportation in his business in that year. However, the record does not show whether Mr. Calhoun intended to use the airplane in his business in 1987 if he located it or whether he intended to sell it. The evidence here is insufficient to show that *218 the depreciation deduction was grossly erroneous from the standpoint of being a frivolous, fraudulent, or phony deduction. Petitioner in her petition alleged that the deduction should be allowed since the airplane was held for sale in 1987. Insofar as this record shows, a respectable argument might have been made to support the claimed depreciation deduction. Petitioner testified at trial that she did not understand what was stated on the income tax return or how it was prepared. This is insufficient to satisfy her burden. Petitioner's husband owned a 50-percent interest in the airplane on which the depreciation deduction was claimed. While petitioner did not address the issue, we conclude from the record as a whole that the depreciation deduction was an item of petitioner's husband. For petitioner to establish that she did not know or have reason to know of the substantial understatement, she must show that she did not know or have reason to know of the underlying circumstances which gave rise to the claimed deduction and not merely that she was unaware of the tax consequences. Bokum v. Commissioner, supra at 144-146; Purcell v. Commissioner, 86 T.C. at 237-238. *219 The standard to be applied in determining whether a spouse has "reason to know" is whether a reasonably prudent person who had the facts known, or reasonably available to the person at the time of signing the return, could be expected to know that the tax liability stated was erroneous or that further investigation was warranted. Stevens v. Commissioner, 872 F.2d 1499, 1505 (11th Cir. 1989), affg. T.C. Memo. 1988-63. See also Shea v. Commissioner, 780 F.2d 561, 566 (6th Cir. 1986), affg. on this issue and revg. on another issue T.C. Memo. 1984-310. Petitioner has shown only that she was unaware of the tax consequences. Clearly, she knew of the underlying circumstances which gave rise to the claimed deduction. She testified that she knew that her husband owned a 50-percent interest in the airplane, that it was used by her husband in years prior to 1987 in his accounting business, and that the airplane was not used by her husband during 1987 since he did not know where it was during that year. Petitioner testified that she signed the 1987 income tax return without reviewing it. Petitioner is not contending *220 that she did not know the facts with respect to the airplane, but rather that she did not look at the return before she signed it. A spouse is not entitled to the benefits of section 6013(e) by turning a blind eye to the facts indicated on the return if such facts would have put such spouse on notice that further inquiry was needed. Terzian v. Commissioner, 72 T.C. 1164, 1170 (1979). In sum, a reasonably prudent person with knowledge of the facts possessed by petitioner should have been alerted to the possibility of a substantial understatement. See Shea v. Commissioner, 780 F.2d at 566. Based on this record, we conclude that petitioner has failed to establish that she is entitled to relief under the provisions of section 6013(e). Section 6081(a) provides that the Secretary may grant a reasonable extension of time for filing any return. In order to obtain an automatic extension, a taxpayer or other person duly authorized by the taxpayer must file a signed Form 4868, the application must be filed with the appropriate internal revenue officer on or before the due date prescribed for filing the taxpayer's return, the application must show *221 the full amount properly estimated as tax for such taxpayer for such taxable year, and the application must be accompanied by the amount properly estimated which is unpaid as of the date prescribed for the filing of the return. Sec. 1.6081-4(a)(2), (3), and (4), Income Tax Regs.
Petitioner at trial contended that a valid Form 4868 had been filed on her behalf for an automatic 4-month extension and that an additional 2-month extension had been granted. Respondent agrees that if the Form 4868 filed on April 15, 1988, was valid, the income tax return was timely filed. Respondent contends that the Form 4868 application for extension was not valid because of petitioner's failure to properly estimate her tax liability as required under section 1.6081-4(a)(4), Income Tax Regs. Respondent argues that, for this reason, petitioner was required under section 6072(a) to file her 1987 income tax return by April 15, 1988, and her failure to do so causes her to be liable for additions to tax under section 6651(a)(1). The Form 4868 requesting an extension of time for Mr. Calhoun and petitioner to file their income tax return was signed by a CPA as representative of the Calhouns. The Form 4868 *222 was filed within the time prescribed for filing petitioner's 1987 income tax return with the appropriate internal revenue officer. [3]
A mere comparison of estimated tax liability of "0" with true tax liability as reported on the return of $ 24,432.85 does not necessarily show whether petitioner's estimate was proper. An estimate is no more than that. Crocker v. Commissioner, 92 T.C. 899, 906-907 (1989). A taxpayer should be treated as having properly estimated his tax liability when he makes a bona fide and reasonable estimate of his tax liability based on the information available to him at the time he makes his request for extension. Furthermore, the taxpayer must make a bona fide *223 and reasonable attempt to locate, gather, and consult information which will enable him to make a proper estimate of his tax liability. Crocker v. Commissioner, supra at 908. Petitioner introduced no evidence at the trial to establish that a bona fide and reasonable attempt was made to estimate the tax liability shown on the Form 4868. The amount of her income, and at least some of her husband's income, and the amount withheld from her wages is information that would have been readily available to her. She testified that her husband mentioned to her that the income would be offset by losses from interests in the oil and gas business and by a casualty or theft loss from the airplane. She did not offer any testimony as to the amounts of losses from the oil and gas business or the amount of theft loss which was anticipated at the time the Form 4868 was filed. She did not call her husband as a witness although she testified he was in San Antonio at the time the trial was being held. If her husband's testimony would have shown that realistically he anticipated losses sufficient to offset all income and result in a zero tax, petitioner should have called him *224 to testify. Petitioner testified that she knew nothing of the anticipated losses. Based on this record, petitioner has not shown that the Form 4868 reflected a reasonable estimate of tax liability. We hold that the Form 4868 is invalid and, therefore, petitioner's 1987 return was not timely filed. Petitioner testified that she was having difficulties with a pregnancy in April 1988 when her 1987 return was due to be filed and had a miscarriage in late April. She does not seem to assign this as the reason for the late filing of her return but rather assigns reliance on her husband as the cause. In any event she certainly would have recovered from this problem by sometime in May, and, therefore, this problem would not be reasonable cause for not filing the return until October 18, 1988. When she recovered she had a duty to see exactly what had been done with respect to filing her return and if necessary immediately file a return. The fact that petitioner relied on her husband to file the return is not reasonable cause for the late filing. See Belk v. Commissioner, 93 T.C. 434, 447 (1989). An addition to tax is imposed by section 6653(a)(1)(A) for negligence *225 or intentional disregard of rules and regulations. The amount of this addition is 5 percent of the underpayment if any part of the underpayment is attributable to negligence or intentional disregard of rules or regulations. There is an additional amount, pursuant to section 6653(a)(1)(B), equal to 50 percent of the interest due on the portion of the underpayment attributable to negligence. Negligence is defined as a lack of due care or failure to do that which a reasonable and prudent person would do under the circumstances. Zmuda v. Commissioner, 731 F.2d 1417, 1422 (9th Cir. 1984), affg. 79 T.C. 714 (1982). Petitioner argues that she should not be subjected to additions to tax for negligence or intentional disregard of rules or regulations pursuant to section 6653(a)(1)(A) and (B) because she is protected from liability by the innocent spouse provision of section 6013(e). We have already found that she has not established that she comes within that provision. While petitioner's husband's testimony might have shown that claiming the depreciation deductions was not negligent, she did not call him to testify. Petitioner's testimony was merely *226 that she relied entirely on her husband. Such reliance does not prove a lack of negligence since petitioner in signing the return had the responsibility of checking it for accuracy. We therefore sustain respondent's determination of the additions to tax for negligence. Decision will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩
2. Section 6013(e) provides, in part: (1) IN GENERAL. -- Under regulations prescribed by the Secretary, if -- (A) a joint return has been made under this section for a taxable year, (B) on such return there is a substantial understatement of tax attributable to grossly erroneous items of one spouse, (C) the other spouse establishes that in signing the return he or she did not know, and had no reason to know, that there was such substantial understatement, and (D) taking into account all the facts and circumstances, it is inequitable to hold the other spouse liable for the deficiency in tax for such taxable year attributable to such substantial understatement,
then the other spouse shall be relieved of liability for tax (including interest, penalties, and other amounts) for such taxable year to the extent such liability is attributable to such substantial understatement. (2) GROSSLY ERRONEOUS ITEMS. -- For purposes of this subsection, the term "grossly erroneous items" means, with respect to any spouse -- (A) any item of gross income attributable to such spouse which is omitted from gross income, and (B) any claim of a deduction, credit, or basis by such spouse in an amount for which there is no basis in fact or law.
(3) SUBSTANTIAL UNDERSTATEMENT. -- For purposes of this subsection, the term "substantial understatement" means any understatement (as defined in section 6661(b)(2)(A)) which exceeds $ 500. (4) UNDERSTATEMENT MUST EXCEED SPECIFIED PERCENTAGE OF SPOUSE'S INCOME. -- (A) ADJUSTED GROSS INCOME OF $ 20,000 OR LESS. -- If the spouse's adjusted gross income for the preadjustment year is $ 20,000 or less, this subsection shall apply only if the liability described in paragraph (1) is greater than 10 percent of such adjusted gross income. (B) ADJUSTED GROSS INCOME OF MORE THAN $ 20,000. -- If the spouse's adjusted gross income for the preadjustment year is more than $ 20,000, subparagraph (A) shall be applied by substituting "25 percent" for "10 percent". (C) PREADJUSTMENT YEAR. -- For purposes of this paragraph, the term "preadjustment year" means the most recent taxable year of the spouse ending before the date the deficiency notice is mailed. (D) COMPUTATION OF SPOUSE'S ADJUSTED GROSS INCOME. -- If the spouse is married to another spouse at the close of the preadjustment year, the spouse's adjusted gross income shall include the income of the new spouse (whether or not they file a joint return). (E) EXCEPTION FOR OMISSIONS FROM GROSS INCOME. -- This paragraph shall not apply to any liability attributable to the omission of an item from gross income.
(5) SPECIAL RULE FOR COMMUNITY PROPERTY INCOME. -- For purposes of this subsection, the determination of the spouse to whom items of gross income (other than gross income from property) are attributable shall be made without regard to community property laws.↩
3. Petitioner states in her request for findings of fact that the Form 4868 was signed without her knowledge. If she is suggesting that the CPA who signed the request was not her duly authorized agent, the Form 4868 is invalid and for that reason the income tax return would be due to be filed on April 15, 1988.↩