EDWARD KAYE AND JOHNNIE KAYE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kaye v. Commissioner
Docket No. 6243-83
United States Tax Court
T.C. Memo 1995-345; 1995 Tax Ct. Memo LEXIS 352; 70 T.C.M. (CCH) 206; July 31, 1995, Filed *352 Decision will be entered for respondent. Johnnie Kaye, pro se. For respondent: Steven M. Roth. FAY
FAY
MEMORANDUM OPINION FAY, Judge: Respondent determined a deficiency in petitioners' 1977 Federal income tax in the amount of $ 51,462.10. [1]
The sole issue for decision is whether Johnnie Kaye (petitioner) is entitled to innocent spouse status pursuant to section 6013(e) [2] for the tax year 1977. We hold that she is not. Some of the facts have been stipulated and are so found. The stipulation and *353 attached exhibits are incorporated herein by this reference. Petitioners were married during the year in issue, but were subsequently divorced on February 28, 1983. A petition for redetermination was filed by petitioners on March 22, 1983. Petitioner Edward resided in Los Angeles, California, when the petition was filed. Petitioner resided in Villa Park, California, when the petition was filed. Petitioners had one minor child during the year at issue. Petitioner Edward conceded in full respondent's determined deficiency and the additional interest rate pursuant to section 6621 in a stipulation of settled issues filed with the Court on October 4, 1993. Petitioner Johnnie also concedes the amount of the deficiency; however, she argues that she qualifies for innocent spouse relief. Sec. 6013(e). Petitioner has her high school equivalency degree (GED), as well as a license to manicure fingernails. She worked as an airline stewardess prior to meeting her ex-husband, Edward. Petitioner worked sporadically at her ex-husband's office during 1977, the year at issue herein. Petitioner went into the office approximately 15 times during the year at issue to help wrap packages. She was paid *354 $ 19,711.57 for this work. Petitioners owned a house in Orange County during the year at issue. Petitioners also bought a condominium at the cost of $ 136,000 on August 23, 1977. Petitioners took out a mortgage on the condominium of $ 108,000. Petitioner testified that she and her husband lived quite well during the year at issue and that her biggest problem was usually whether she could spend enough money when she went to Beverly Hills to shop. Petitioners had a pool man who came once a week to clean their pool, as well as intermittent domestic help. In general, petitioners did not discuss with each other anything about their finances. Petitioner testified that, generally, when it was time to file an income tax return for the year, petitioner Edward would bring the return home, and petitioner would sign it. She did not generally review the returns before signing them. The deficiency arose in the case at bar because of the Commissioner's disallowances of deductions arising from the Federal Securities Investment Group partnership (FSI Group partnership) in which petitioners invested. Petitioner was not involved in the decision to invest in the FSI Group partnership. At trial, petitioner *355 was unable to recall any of the details pertaining to the investment in this partnership. Petitioner could not even recall whether the money used to invest in the FSI Group partnership came from a joint account. She did not recall signing any documents relating to the partnership. The Schedule K filed by petitioners for the year at issue reflects a $ 25,000 capital contribution and recourse note of $ 75,000 as petitioners' investment in 1977 for the FSI Group partnership. In the case of a joint return, the liability of the spouses with respect to the tax generally is joint and several. Sec. 6013(d)(3). Section 6013(e), however, creates an exception to that rule, providing a measure of relief where the taxpayer proves herself or himself to be an innocent spouse by satisfying the following four requirements: (1) A joint return has been made for the taxable year at issue; [3] (2) on the return there is a substantial understatement of tax attributable to grossly erroneous items of one spouse; (3) the other spouse establishes that, in signing the return, he or she did not know, and had no reason to know, of the substantial understatement; and (4) it would be inequitable to hold the other *356 spouse liable for the deficiency in tax for the taxable year attributable to the substantial understatement. Sec. 6013(e)(1). Failure to meet any one of the statutory requirements will prevent petitioner from qualifying for relief under section 6013(e). Bokum v. Commissioner, 992 F.2d 1132 (11th Cir. 1993), affg. 94 T.C. 126, 138 (1990); Stevens v. Commissioner, 872 F.2d 1499, 1504 (11th Cir. 1989), affg. T.C. Memo. 1988-63. Petitioner bears the burden of proving that she is entitled to relief as an innocent spouse under section 6013(e). Rule 142(a). Respondent concedes that petitioner meets the first and the third requirements *357 of section 6013(e). Respondent contends, however, that petitioner has failed to demonstrate that the deduction disallowed by respondent was grossly erroneous. Not all disallowed deductions are "grossly erroneous." Douglas v. Commissioner86 T.C. 758, 762 (1986). Grossly erroneous items are those claims of a deduction, credit, or basis for which there is no basis in fact or law. Id. Ordinarily, a deduction has no basis in law or fact if it is "fraudulent," "frivolous," "phony," or "groundless." Bokum v. Commissioner, supra at 1142 (quoting Stevens v. Commissioner, supra at 1504 n.6); see Ness v. Commissioner, 954 F.2d 1495 (9th Cir. 1992), revg. 94 T.C. 784 (1990). Not all deductions which are disallowed are frivolous, fraudulent, or phony. Petitioner has produced no evidence concerning the activities and motives of the partnership involved herein. Petitioner could remember almost nothing about the circumstances surrounding the investment in the FSI Group partnership nor did she present any evidence concerning the partnership's *358 activities. Petitioner has the burden of proving the requirements of section 6013(e) have been met, including the burden of proving that the understatement was attributable to a grossly erroneous item. Rule 142(a); Sonnenborn v. Commissioner, 57 T.C. 373 (1971). It does not follow that the deduction was grossly erroneous merely because petitioners failed to substantiate it. Petitioner produced no evidence that the FSI Group partnership deduction was grossly erroneous and thus failed to demonstrate that the substantial understatement present in this case is the result of grossly erroneous items. Moreover, although the parties failed to address this issue, we find that it would not be inequitable to hold petitioner liable. This determination is based on the facts and circumstances of the underlying case. Flynn v. Commissioner, 93 T.C. 355 (1989). Whether the claimed "innocent spouse" received a benefit is taken into account. Purcell v. Commissioner, 86 T.C. 228 (1986), affd. 826 F.2d 470 (6th Cir. 1987). We find that petitioners maintained a luxurious lifestyle during *359 the year at issue. Petitioners made many purchases during the year at issue, including a condominium. Petitioner significantly benefited from the understatement of tax. We find that petitioner has failed to prove that the deduction is a grossly erroneous item within the meaning of section 6013(e)(2)(B) and furthermore failed to prove that it would be inequitable to hold her jointly liable for the deficiency in tax. She is, therefore, not relieved of joint liability with respect to that deficiency. Decision will be entered for respondent. Footnotes
1. The stipulation of settled issues reflects an agreed adjustment of $ 51,462 and increased interest pursuant to sec. 6621(c) of the Internal Revenue Code↩.
2. All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩
3. At trial there was some issue as to whether petitioners had filed a joint return for 1977 because petitioner did not herself sign the return. Respondent conceded the fact that petitioners filed a joint return, and petitioner testified that it was her intention to file jointly.↩