106 F.3d 407
 79 A.F.T.R.2d 97-476, 97-1 USTC P 50,181
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Luisa Anne FORSCHLER, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
Luisa Anne FORSCHLER, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 95-70843, 95-70844.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 13, 1996.
Decided Dec. 24, 1996.
 
 1
 Before: REINHARDT and RYMER, Circuit Judges, and TANNER,** District Judge.
 
 
 2
 MEMORANDUM*
 
 
 3
 Luisa Anne Forschler appeals the Tax Court's order determining deficiencies and denying "innocent spouse" relief from liability under § 6013(e) of the Internal Revenue Code, 26 U.S.C. § 6013(e).[1] The Tax Court found that Forschler's disallowed tax deductions were not "grossly erroneous" in light of Finkelman v. Commissioner, 56 T.C.M. (CCH) 1269 (1989), aff'd in memorandum, 937 F.2d 612 (9th Cir.1991) (table).[2] We have jurisdiction, 26 U.S.C. § 7482, and affirm.
 
 
 4
 Section 6013(e)(1) provides that a spouse who has signed a joint return may be released from tax liability where "there is a substantial understatement of tax attributable to grossly erroneous items of one spouse," the putatively innocent spouse did not know or have reason to know that there was such a substantial understatement, and it would be inequitable to hold her liable. A grossly erroneous deduction is one "for which there is no basis in fact or law." I.R.C. § 6013(e)(2). As we held in Ness v. Commissioner, 954 F.2d 1495 (9th Cir.1992),
 
 
 5
 a deduction has no basis in fact when the expense for which the deduction is claimed was never, in fact, made. A deduction has no basis in law when the expense, even if made, does not qualify as a deductible expense under well-settled legal principles or when no substantial legal argument can be made to support its deductibility.
 
 
 6
 Id. at 1498 (quoting Douglas v. Commissioner, 86 T.C. 758, 762 (1986)).
 
 
 7
 Forschler argues that § 6013(e) was intended to include phony business deductions inserted by a spouse in a joint return, and that Finkelman's business was already determined to be a sham. We disagree.
 
 
 8
 While Finkelman disallowed the deductions because the Tax Court did not adopt Finkelman's "favorable financing theory" of valuation--and thus found that no genuine indebtedness was created and there was no bona fide non-tax profit objective--we agreed that Finkelman could not be liable for the § 6653(a) addition for negligence since his theory was "credible and unprecedented," "on the surface appealing," and "not without some support in the case law." Finkelman, 56 T.C.M. (CCH) at 1283, 1288; 937 F.2d at 612 (affirming for reasons stated by the Tax Court). It follows that the Finkelman deductions were not grossly erroneous given that a "substantial legal argument can be made to support [their] deductibility." Ness, 954 F.2d at 1498; see also Estate of Cohn v. Commissioner, T.C.Memo. 1993-293.
 
 
 9
 For this reason, Forschler's further arguments that the Finkelman deductions would meet our tests for criminal fraud, that finding that the CPA wasn't careless does not preclude finding that the deduction was a sham, and that the Tax Court judge seems never to have seen a spouse who was innocent where large tax bills are involved, are not persuasive.
 
 
 10
 AFFIRMED.
 
 
 
 **
 Honorable Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Tax Court issued one consolidated opinion covering the tax years at issue in the two dockets
 
 
 [2]
 The taxpayer had agreed to be bound by Finkelman 's determination of the deductibility of the real estate partnership losses claimed on her joint tax returns, but had reserved the right to seek innocent spouse relief for any tax liability resulting from that determination