GORDON L. NESS AND YVONNE E. NESS, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 31216-88.  Filed May 29, 1990.

*Curtis W. Berner,* for the petitioners.
*Mary E. Wynne,* for the respondent.

OPINION

KÖRNER, *Judge:* In his notice of deficiency, respondent determined that petitioners were liable for a deficiency of $31,153.93 for tax year 1981. After concessions, the sole issue for decision is whether petitioner Yvonne E. Ness is entitled to innocent spouse relief because the deduction of a claimed partnership loss on petitioners' joint Federal income

tax return constituted a "grossly erroneous item" within the context of section 6013(e)(2)(B).[1]

This case has been fully stipulated by the parties under Rule 122. The stipulation of facts and exhibits attached are incorporated by this reference. For convenience, our findings of fact and opinion are combined.

Gordon L. Ness and Yvonne E. Ness, petitioners, resided in Menlo Park, California, when they filed their petition. Petitioners filed a joint Federal income tax return for tax year 1981.

Respondent made two adjustments to petitioners' 1981 tax return in his statutory notice of deficiency. Both adjustments related to petitioners' limited partnership interest in Research Investors Group (RIG), a California limited partnership. On their 1981 Federal income tax return, petitioners deducted $103,331 as their distributive share of losses attributable to RIG. In his statutory notice of deficiency, respondent determined that petitioners were entitled to deduct only $23,042 from RIG. Respondent subsequently conceded that petitioners are entitled to deduct $35,525, which represents their total cash investment in RIG. The balance of petitioners' capital contribution to RIG consisted of $71,016 in promissory notes payable to Menlo Research Corp. The parties have stipulated that petitioners were not at risk with respect to the $71,016 in promissory notes and that they were at risk with respect to the $35,525 cash contributions.

The parties have agreed that petitioner Yvonne E. Ness has satisfied all but one of the requirements of section 6013(e) that would enable her to successfully claim that, as an innocent spouse, she is not liable for the deficiency in this case. The only issue for our decision in this case is whether the claimed partnership loss deduction on petitioners' 1981 Federal income tax return is a "grossly erroneous item" within the meaning of section 6013(e)(2)(B).

The term "grossly erroneous item" is defined in section 6013(e)(2)(B) as "any claim of a deduction, credit, or basis by such spouse in an amount for which there is no basis in fact or law." A taxpayer seeking the benefit of "innocent

---

[1]All statutory references are to the Internal Revenue Code as in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted.

spouse" treatment under section 6013(e) has the burden of proving that all the requirements of that section are met, including the burden of proving that the understatement was attributable to a grossly erroneous item. *Sonnenborn v. Commissioner,* 57 T.C. 373 (1971); Rule 142(a).

Section 6013(e) was amended by Pub. L. 98-369, 98 Stat. 484, in 1984 to provide innocent spouse relief for deficiencies that arose because of the disallowance of claimed deductions. The 1984 amendments to section 6013(e) apply to all tax years covered by the 1954 Code. In their explanation, the House committee report stated the reason for the change:

> The Committee believes that the present law rules relieving innocent spouses from liability for tax on a joint return are not sufficiently broad to encompass many cases where the innocent spouse deserves relief. Relief may be desirable, for example, where one spouse claims phony business deductions in order to avoid paying tax and the other spouse has no reason to know that the deductions are phony and may be unaware that there are untaxed profits from the business which the other spouse has squandered. [Supplemental Report of Comm. on Ways and Means, H. Rept. 98-432 (Pt. 2), on H.R. 4170 (Tax Reform Act of 1984), at 1502 (1984).]

Although the statute does not elaborate as to the meaning of "no basis in fact or law," we discussed its import in *Douglas v. Commissioner,* 86 T.C. 758, 762 (1986):

> A clue to its [the term "no basis in fact or law"] meaning, however, is found in the reference in the above-quoted committee report to "phony business deductions." As we read the statute as a whole and its legislative history, a deduction has no basis in fact when the expense for which the deduction is claimed was never, in fact, made. A deduction has no basis in law when the expense, even if made, does not qualify as a deductible expense under well-settled legal principles or when no substantial legal argument can be made to support its deductibility. Ordinarily, a deduction having no basis in fact or in law can be described as frivolous, fraudulent, or, to use the word of the committee report, phony.

Petitioners have no quarrel that their claimed deduction has a basis in fact. Petitioners also agree that the portion of the deduction that respondent *allowed* has a basis in law. Instead, petitioners contend that the portion of the partnership loss that respondent *disallowed* has no basis in law, and, therefore, is a grossly erroneous item.

Although petitioners present a novel approach to the interpretation of the term "grossly erroneous item," we cannot take the approach that one portion of a claimed deduction is not a grossly erroneous item and the disallowed portion is a grossly erroneous item, for purposes of section 6013(e)(2). The mere fact that petitioners were not at risk with respect to the disallowed portion of the claimed deduction does not mean that that portion of the deduction was a grossly erroneous item. Petitioners' argument is basically that if a deduction is allowed, it is not a grossly erroneous item; conversely, petitioners argue that an item is grossly erroneous to the extent that respondent disallows it. "Disallowance" does not necessarily equal "grossly erroneous item." We hold that the partnership deduction had a basis in law that is not undermined merely because respondent disallowed a portion of it. Accordingly, Yvonne Ness is not entitled to innocent spouse relief.

*Decision will be entered under Rule 155.*