ESTATE OF ERNEST J. COHN, DECEASED, EVA A. COHN, EXECUTRIX, AND EVA A. COHN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Cohn v. Commissioner
Docket No. 26479-92
United States Tax Court
T.C. Memo 1993-293; 1993 Tax Ct. Memo LEXIS 298; 66 T.C.M. (CCH) 38; July 8, 1993, Filed *298 For petitioners: Mark Golding. For respondent: Ronald M. Rosen. GERBER
GERBER
MEMORANDUM OPINION GERBER, Judge: This case is before the Court on respondent's motion for partial summary judgment under Rule 121. [1] Respondent contends that petitioner Eva A. Cohn fails to qualify as an innocent spouse under section 6013(e) because the item of deduction upon which the claim for relief is based is not "grossly erroneous" as a matter of law. Summary judgment under Rule 121 is derived from Rule 56 of the Federal Rules of Civil Procedure. It is intended to expedite litigation and avoid unnecessary and expensive trials of phantom factual questions. Cox v. American Fidelity & Casualty Co., 249 F.2d 616, 618 (9th Cir. 1957); Shiosaki v. Commissioner, 61 T.C. 861, 862 (1974). *299 Under Rule 121(b), a motion for summary judgment is granted when it is shown "that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Either party may move for summary judgment in its favor on all or part of the issues in controversy. Rule 121(a). The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact. Jacklin v. Commissioner, 79 T.C. 340, 344 (1982); Espinoza v. Commissioner, 78 T.C. 412, 416 (1982). In considering a motion for summary judgment, we construe the facts in a manner most favorable to the party opposing the motion. Naftel v. Commissioner, 85 T.C. 527, 529 (1985). When a husband and wife file a joint Federal income tax return, liability for the tax due is joint and several; hence each spouse may be required to pay the entire amount. Sec. 6013(d)(3). Relief, however, is provided under the innocent spouse provisions of section 6013(e). In order to invoke the protection of section 6013(e), the spouse seeking relief must satisfy the following requirements: (1) *300 That a joint return was filed; (2) that on such return there is a substantial understatement of tax; (3) that the understatement is attributable to grossly erroneous items of the other spouse; (4) that he or she did not know, and had no reason to know, of such substantial understatement when signing the return; and (5) that upon consideration of all the facts and circumstances it would be inequitable to hold him or her liable for the deficiency in income tax attributable to such substantial understatement. Sec. 6013(e)(1), [2] as amended by the Deficit Reduction Act of 1984, Pub. L. 98-369, sec. 424(a), 98 Stat. 801-802; Flynn v. Commissioner, 93 T.C. 355, 359 (1989); Purcell v. Commissioner, 86 T.C. 228, 235 (1986), affd. 826 F.2d 470 (6th Cir. 1987). All of the statutory requirements must be met for the taxpayer to be afforded relief. Purcell v. Commissioner, 826 F.2d at 473; Estate of Jackson v. Commissioner, 72 T.C. 356, 360 (1979). *301 The parties agree that Eva A. Cohen and her husband filed a joint tax return for 1980 and that there was a substantial understatement of tax. Respondent contends, however, that the substantial understatement is not attributable to a "grossly erroneous" item. For purposes of section 6013(e), grossly erroneous items are defined as "any item of gross income attributable to such spouse which is omitted from gross income" and "any claim of a deduction, credit, or basis by such spouse in an amount for which there is no basis in fact or law". Sec. 6013(e)(2). It is clear from the statute itself, and made even clearer by the legislative history, that while omissions from income resulting in an understatement of tax in excess of $ 500 are to be considered grossly erroneous items, only deductions without a basis in fact or law are to be considered grossly erroneous. Purcell v. Commissioner, 86 T.C. at 240. A deduction has no basis in fact when the expense for which it is claimed was never, in fact, made. Douglas v. Commissioner, 86 T.C. 758, 762 (1986). The parties do not dispute that the deduction in question had a basis *302 in fact. The focus of our inquiry is whether the deduction has a basis in law. If the deduction has a basis in law, then it is not a deduction attributable to a grossly erroneous item and respondent's motion will be granted. A deduction has no basis in law when the expense, even if made, does not qualify as a deductible expense under well-settled legal principles or when no substantial legal argument can be made in support of its deductibility. Id. The fact that the deduction has been disallowed does not, however, dictate a finding that the deduction is "grossly erroneous". Ness v. Commissioner, 954 F.2d 1495, 1498 (9th Cir. 1992), revg. 94 T.C. 784 (1990); Russo v. Commissioner, 98 T.C. 28, 32 (1992). While the statute does not define a deduction having "no basis in fact or law", it has been described in the case law as a deduction which is frivolous, fraudulent, or phony. [3]Douglas v. Commissioner, supra at 763. *303 The deduction in question involves an investment in Progressive Properties (Progressive), a real estate partnership formed and managed by Sol Finkelman. This partnership was one of several leveraged real estate partnerships promoted and managed by Finkelman. On their 1980 joint Federal income tax return, the Cohns claimed a loss of $ 17,896 as their distributive share of a loss claimed by Progressive on its Form 1065 for 1980. The loss claimed by Progressive for the year 1980, and the distributive share of that loss claimed by the partners, were among the deductions whose deductibility was decided in a test case. Finkelman v. Commissioner, T.C. Memo. 1989-72, affd. without published opinion 937 F.2d 612 (9th Cir. 1991), cert. denied     U.S.    , 112 S. Ct. 1291 (1992). The major issue considered in Finkelman involved the tax consequences of leveraged real estate transactions. The focus of the Court's inquiry was whether the transactions should be disregarded for Federal income tax purposes because they lacked economic substance and/or were primarily tax motivated. The Court determined *304 that the transactions were lacking in economic substance and profit objective and, accordingly, were not to be respected for tax purposes. Although the deductions were not allowed, the Court declined to sustain the section 6653(a) negligence additions to tax against the promoter. In so holding, the Court explained that the taxpayer's favorable financing argument was not an "untenable" theory, that it had "some support in the case law", and that "the claimed losses were supported by a credible and unprecedented (albeit erroneous) theory". This Court's characterization of the legal theory advanced in Finkelman forms the basis of respondent's motion that petitioner fails to qualify for innocent spouse relief because the deductions are not "grossly erroneous", as a matter of law. Petitioner counters that, while the promoter's argument was found sufficiently novel and credible under the negligence standard, that finding is not determinative of the "grossly erroneous" standard. Petitioner maintains that the favorable financing argument advanced in Finkelman does not constitute a "substantial legal argument" and, therefore, the claimed deduction was grossly erroneous. We cannot *305 agree with petitioner. The Court in Finkelman acknowledged that the "novel conceptual theory of valuation" presented in that case was one previously unconsidered by this Court. The arguments presented in the course of a lengthy trial, while not ultimately successful, were acknowledged in the Court's opinion as "not without some support in the case law". While the Court found that "From our perspective the transactions were not reasonable", it went on to state, "That does not, however, render petitioner's theory untenable." Moreover, it was stated that the claimed losses "were supported by a credible and unprecedented (albeit erroneous) theory". Our opinion in Finkelman makes clear that the deduction, while disallowed, was neither frivolous, fraudulent, nor phony. We conclude that under the circumstances of this case, the deduction is not attributable to a grossly erroneous item. This conclusion is further supported by the fact that the Court in Finkelman found no negligence on the part of the promoter. Accordingly, respondent's motion is granted. To reflect the foregoing, An appropriate order will be issued. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The Deficit Reduction Act of 1984, Pub. L. 98-369, sec. 424(a), 98 Stat. 801-802, amended sec. 6013(e) retroactively to all years to which the Internal Revenue Code of 1954 applies.↩
3. Support for the characterization of the deduction as "phony" is found in the legislative history of sec. 6013(e). See Supplemental Report of Comm. on Ways and Means, H. Rept. 98-432 (Part 2), on H.R. 4170 (Deficit Reduction Act of 1984), at 1502 (1984).↩