15 F.3d 1088
 73 A.F.T.R.2d 94-1195
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Yvonne E. NESS, Petitioner-Appellant,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 92-70327.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 5, 1993.
Decided Feb. 7, 1994.
 
 1
 Before: CANBY and NOONAN, Circuit Judges, and ORRICK* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Yvonne Ness appeals from a decision of the Tax Court denying her motion for an award of reasonable litigation costs pursuant to 26 U.S.C. Sec. 7430. Because we find that Ness has failed to demonstrate that the government's position in the underlying litigation was not "substantially justified," as required by section 7430, we affirm the Tax Court's denial of costs.
 
 DISCUSSION
 
 4
 We review the Tax Court's denial of litigation costs under section 7430 for an abuse of discretion. Estate of Merchant v. Commissioner, 947 F.2d 1390, 1393 (9th Cir.1991).
 
 26 U.S.C. Sec. 7430(a) provides that:
 
 5
 In any administrative or court proceeding which is brought by or against the United States in connection with the determination, collection, or refund of any tax ... the prevailing party may be awarded a judgment or settlement for ... reasonable litigation costs incurred in connection with such court proceeding.
 
 
 6
 A "prevailing party" has the burden of establishing, inter alia, that the "position of the United States in the proceeding was not substantially justified." 26 U.S.C. Sec. 7430(c)(4)(A)(i); Huffman v. Commissioner, 978 F.2d 1139, 1146 (9th Cir.1992).[1] The Commissioner's position is "substantially justified" if it has a "reasonable basis both in law and fact." Pierce v. Underwood, 487 U.S. 552, 565 (1988);[2] Huffman, 978 F.2d at 1147.
 
 
 7
 The proceedings at issue here stem from a joint income tax return for 1981, filed by Ness and her former husband, Gordon, which included a claimed deduction of $103,331 for their share of certain partnership losses. The Internal Revenue Service (IRS) disallowed a portion of that deduction, and issued a deficiency notice. Ness appealed to the Tax Court, claiming that she was not liable for the deficiency, since she qualified under the "innocent spouse" provisions of 26 U.S.C. Sec. 6013(e). Under this provision, she could avoid joint liability for the deficiency if she could demonstrate, inter alia, that the deficiency was attributable to a "grossly erroneous item." See 26 U.S.C. Sec. 6013(e)(2)(B) (defining a grossly erroneous item as one that has "no basis in fact or law"). The Tax Court concluded that the deduction was not grossly erroneous, and denied Ness's claim. 94 T.C. 784 (1990) (hereinafter Ness I ). Ness appealed to this court and we reversed. Ness v. Commissioner, 954 F.2d 1495 (9th Cir.1992) (hereinafter Ness II ).
 
 
 8
 We find that the government's position both in Ness I and Ness II was substantially justified for three reasons. First, on the merits, the government's position did have a reasonable basis in fact and law. In particular, its position was based on the view that an item, to be grossly erroneous, must be fraudulent, frivolous, "phony," or groundless. It found support for this position in the legislative history accompanying the amendments to the Internal Revenue Code that created the innocent spouse exception, and in cases from other circuits. While we implicitly concluded in Ness II that items could be grossly erroneous without being fraudulent or phony, the government's position was not unreasonable.
 
 
 9
 Our view that the government was substantially justified in maintaining this position is strengthened by the fact that interpretation of the innocent spouse provision of the Code was, at the time, a question of first impression in this circuit. See Kali v. Bowen, 854 F.2d 329, 332 n. 2 (9th Cir.1988) (in determining reasonableness of government's position, lack of precedent in the circuit may be considered). While the fact that an issue is one of first impression does not automatically justify any position the government might assume, Pierce v. Underwood, 487 U.S. at 569, here we find that the government reasonably relied on other sources of law for its definition of a "grossly erroneous item."
 
 
 10
 Finally, while again not dispositive, we find it significant that the government prevailed in the first instance in Tax Court. See H.R.Rep. No. 494, 97th Cong., 1st Sess. 15 (1981) ("when a taxpayer loses in the trial court and obtains a reversal of that decision in the appellate court, the appellate court would not normally award attorney's fees to the taxpayer....").
 
 
 11
 We conclude, therefore, that the Tax Court did not abuse its discretion in denying Ness's motion for attorney's fees. This conclusion also is dispositive of Ness's request for costs incurred with respect to this appeal. See Commissioner of INS v. Jean, 110 S.Ct. 2316 (1990) (no need to make separate finding that government's position in fee litigation itself is substantially justified).
 
 
 12
 The decision of the Tax Court, denying Ness's motion for costs, is AFFIRMED.
 
 
 
 *
 The Honorable William H. Orrick, Jr., Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 There are several other requirements that must be fulfilled by a "prevailing party," but they are not contested here
 
 
 [2]
 Pierce involved the fee provisions of the Equal Access to Justice Act (EAJA). However, the reasoning courts apply to the fee provisions of the EAJA apply equally to Sec. 7430. Huffman, 978 F.2d at 1143