T.C. Memo. 1996-520


UNITED STATES TAX COURT


RONNIE D. WILSON AND LINDA K. LAGADINOS, f.k.a.
LINDA K. WILSON, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 21501-94.                    Filed November 25, 1996.


Donald D. Harvey, Jr., for petitioner Linda K. Lagadinos.

James F. Prothro, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, Judge:  By notice dated August 24, 1994, respondent determined a deficiency in petitioners' 1989 Federal income tax of $30,370 and an accuracy-related penalty, pursuant to section 6662(a), of $6,074.  After concessions, the only remaining issue for decision is whether Linda Lagadinos, pursuant to section

6013(e), is entitled to be relieved of tax liability as an innocent spouse.  We hold that she is not.

All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. At the time the petition was filed, Ronnie Wilson resided in Dallas, Texas, and Linda resided in Missouri City, Texas.

Petitioners were married in 1964.  During their marriage, they resided in Plano, Texas.  Ronnie is an attorney with a successful general practice.  Linda has an undergraduate degree in education and taught elementary school while Ronnie was in law school.  After Ronnie completed law school in 1965, Linda stopped teaching to raise their two children, Michael and Leslie.

In early 1988, petitioners experienced marital problems, and Ronnie moved out of their house.  In July 1988, Ronnie moved back into their house, and petitioners attempted to reconcile their differences.  These attempts were unsuccessful, and in early 1989 Ronnie and Linda permanently separated.

During the separation period, Ronnie lived in and maintained an apartment; paid approximately $1,100 a month for the mortgage, insurance, taxes, and utilities relating to their house; paid Michael's and Leslie's college expenses; purchased a Jaguar for himself; and purchased a $23,000 Cadillac for Linda.  In

addition, he paid most of the routine expenses for Linda, Michael, and Leslie.  In 1988 and 1989, petitioners maintained separate checking accounts.

In 1989, Linda, in an attempt to become financially independent, sought employment.  The city of Plano hired her as director of the "Keep Plano Beautiful" program.  Linda received an annual salary of approximately $24,000 and was responsible for organizing volunteers for litter control and recycling programs.

In October 1989, Linda filed suit for divorce.  The divorce was granted on April 30, 1990.  The divorce agreement provided that (1) Ronnie would indemnify Linda for any underpayment of taxes attributable to their 1989 joint return and (2) Linda would receive the marital residence, the Cadillac, certain jewelry, personal items, and alimony of $2,500 per month.  Ronnie made the required alimony payments until early 1992.  Since then, however, he has failed to make approximately $21,000 of alimony payments.

Ronnie advised Linda that they should file a joint return for 1989.  Linda agreed, and Ronnie prepared their 1989 return using worksheets that delineated the income and expenses of his law practice.  Linda did not see these worksheets.  In October of 1990, Linda met Ronnie at his law office to sign their 1989 return.  Linda did not review the return or ask Ronnie any questions relating to the accuracy of the return before she signed it.

On August 24, 1994, respondent issued a notice of deficiency to petitioners regarding their 1989 return. In 1989, petitioners reported $24,782 of earnings attributable to Linda, $54,036.16 of self-employment income attributable to Ronnie, and $43,323.81 of taxable income. Respondent determined that petitioners had failed to report $22,715 in income from Ronnie's law practice. Respondent also disallowed, in whole or part, several claimed deductions (e.g., relating to personal interest, laundry, entertainment, and other expenses). These deductions, other than the personal interest deduction, all related to Ronnie's law practice. The deductions were disallowed because Ronnie failed to substantiate them. Respondent's adjustments resulted in a disallowance of $63,198 in deductions. Based on the above adjustments, respondent determined that petitioners had taxable income of $129,237 and were jointly liable for a deficiency of $30,370. Respondent also determined that they were liable, pursuant to section 6662(a), for an accuracy-related penalty for negligence.

On October 18, 1995, the parties filed with this Court a Stipulation of Agreed Issues which provides that there is a deficiency of $23,392 and that there is no penalty for negligence. Accordingly, the only remaining issue for decision is whether Linda, pursuant to section 6013(e), is entitled to be relieved of tax liability.

- 5 -

## OPINION

A husband and wife who file a joint return generally are jointly and severally liable for the tax due. Sec. 6013(d)(3). A taxpayer will be relieved of liability as an innocent spouse, however, to the extent the taxpayer establishes that: (1) A joint Federal income tax return was filed; (2) on the return there is a substantial understatement of tax attributable to grossly erroneous items of the other spouse; (3) in signing the return, the taxpayer did not know, and had no reason to know, of the substantial understatement; and (4) taking into account all of the facts and circumstances, it would be inequitable to hold the taxpayer liable for the deficiency attributable to the substantial understatement. Sec. 6013(e)(1). Linda bears the burden of proving that she satisfies each of the four requirements. Rule 142(a); Flynn v. Commissioner, 93 T.C. 355, 359 (1989). Her failure to satisfy any one of the requirements will preclude relief from liability. Park v. Commissioner, 25 F.3d 1289, 1292 (5th Cir. 1994), affg. T.C. Memo. 1993-252; Bokum v. Commissioner, 94 T.C. 126, 138 (1990), affd. 992 F.2d 1132 (11th Cir. 1993).

Respondent concedes that a joint return was filed for the 1989 tax year. She contends, however, that Linda does not meet the remaining requirements. We discuss these requirements in turn.

I.  Grossly Erroneous Requirement

Linda must establish that there was a substantial understatement of tax attributable to grossly erroneous items of Ronnie.  Sec. 6013(e)(1)(B).  A substantial understatement is any understatement that exceeds $500.  Sec. 6013(e)(3).  Any item omitted from gross income is grossly erroneous.  Sec. 6013(e)(2)(A).  In addition, any claim of a deduction in an amount for which there is no basis in fact or law is grossly erroneous.  Sec. 6013(e)(2)(B).  A deduction has no basis in fact when the expense for which the deduction is taken was not made, and a deduction has no basis in law if the expense is not deductible under well-established legal principles or if no substantial legal argument can be made to support its deductibility.  Douglas v. Commissioner, 86 T.C. 758, 762-763 (1986).

Respondent disallowed several of the deductions claimed by petitioners.  Linda contends that Ronnie's inability to substantiate the amounts claimed on the return provides a sufficient basis to conclude that the expenses were, in fact, never made.  A taxpayer may not rely on the mere disallowance of a claimed deduction or an inability to substantiate the amount of an otherwise allowable deduction to establish that the deduction had no basis in fact or law.  United States v. Shanbaum, 10 F.3d 305, 314 (5th Cir. 1994); Flynn v. Commissioner, supra at 364.

Thus, Linda has failed to establish that the deductions are grossly erroneous. Accordingly, we conclude that Linda, pursuant to section 6013(e), is not entitled to be relieved of tax liability with respect to the disallowed deductions.

Respondent also determined that petitioners did not report $22,715 of income from Ronnie's law practice. Omissions from gross income are grossly erroneous. Sec. 6013(e)(2). The understatement of tax attributable to the omitted income is substantial because it exceeds $500. Sec. 6013(e)(3). In addition, respondent has conceded that the omission is attributable to items of Ronnie. Accordingly, with respect to the omitted income, we conclude that Linda has established a substantial understatement of tax attributable to grossly erroneous items of Ronnie. We next determine whether Linda meets the remaining requirements of section 6013(e).

II. Knowledge Requirement

Linda must establish that in signing the return, she did not know, and had no reason to know, of the substantial understatement of tax attributable to the omitted income from Ronnie's law practice. Sec. 6013(e)(1)(C). More specifically, she must establish that she did not know, or have reason to know, about the income-producing transaction that Ronnie failed to report. Park v. Commissioner, supra at 1294; Bokum v. Commissioner, supra at 146. A spouse seeking relief has reason

to know if "a <u>reasonably prudent taxpayer</u> under the circumstances of the alleged innocent spouse at the time of signing the return could be expected to know that the tax liability stated was erroneous or that further investigation was warranted." <u>Park v. Commissioner</u>, <u>supra</u> at 1293. Factors relevant to such a determination include the spouse's level of education, the spouse's involvement in the family's business and financial affairs, unusual or lavish expenditures made by the family, and the "culpable" spouse's refusal to be forthright about the family's income. <u>Id.</u>; <u>Sanders v. United States</u>, 509 F.2d 162, 166-167 (5th Cir. 1975).

Petitioners on their 1989 return failed to report $22,715 in income from Ronnie's law practice. In 1989, petitioners reported $24,782 of earnings attributable to Linda, $54,036.16 of self-employment income attributable to Ronnie, and $43,323.81 of taxable income. Although Linda did not review the return, she is charged with constructive knowledge of its contents. <u>Park v. Commissioner</u>, <u>supra</u> at 1299; <u>Bokum v. Commissioner</u>, <u>supra</u> at 148. Even with such knowledge, it would have been reasonable for her to believe that the income reported was sufficient to support petitioners' lifestyle. In addition, Linda did not live with Ronnie during 1989, was not involved in his law practice during that year, did not see the records Ronnie maintained for the practice, and had a separate checking account. Accordingly, we

conclude that Linda did not know, and had no reason to know, of the substantial understatement of tax attributable to the omission from gross income.

III. Inequity Requirement

Linda must prove that, taking into account all the facts and circumstances, it would be inequitable to hold her liable for the deficiency. Sec. 6013(e)(1)(D). In determining whether it would be inequitable to hold Linda liable, we consider whether she "significantly benefitted" from the understatement of tax. Buchine v. Commissioner, 20 F.3d 173, 181 (5th Cir. 1994), affg. T.C. Memo. 1992-36; Belk v. Commissioner, 93 T.C. 434, 440 (1989); sec. 1.6013-5(b), Income Tax Regs. Normal support is not considered a significant benefit. Terzian v. Commissioner, 72 T.C. 1164, 1172 (1979); sec. 1.6013-5(b), Income Tax Regs. We consider the lifestyle to which the taxpayer is accustomed when considering what constitutes normal support. Sanders v. United States, supra at 168; Belk v. Commissioner, supra.

Respondent contends that Linda significantly benefited from the understatement, because in 1989 Ronnie bought her a $23,000 Cadillac. At trial, the Court asked Linda's counsel to explain why the Cadillac did not constitute a substantial benefit to Linda. Linda's counsel failed to adequately address this question. Moreover, Linda failed to address this issue in both her opening and reply briefs. In essence, Linda did not present

any evidence to demonstrate that her receipt and ownership of the Cadillac was consistent with the lifestyle to which she was accustomed.  Therefore, she has failed to establish that it would be inequitable to hold her liable for the deficiency.  We note that pursuant to the divorce agreement Ronnie must indemnify Linda for any underpayment of tax attributable to their 1989 return.

Accordingly, we conclude that Linda, pursuant to section 6013(e), is not entitled to be relieved of tax liability with respect to the omitted income.

We have considered all other arguments made by petitioner Linda and respondent and found them to be either irrelevant or without merit.

To reflect the foregoing,

Decision will be entered under Rule 155.